**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**CALVIN TUNSTALL (# N7324)**                                             **PETITIONER**

v.                                                                  No. 3:06CV146-B-A

**WARDEN BURNETT**                                                              **RESPONDENTS**

<u>**MEMORANDUM OPINION**</u>

This matter comes before the court on the *pro se* petition of Calvin Tunstall for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the instant petition as untimely filed, and the petitioner has responded. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed under 28 U.S.C. § 2244.

**Facts and Procedural Posture**

On February 13, 2003, Calvin Tunstall pled guilty to aggravated assault in the Circuit Court of Marshall County, Mississippi, and was sentenced on that charge to ten years in the custody of the Mississippi Department of Corrections. The trial court reduced that sentence to time served, with three years of supervised probation to follow his term of imprisonment – conditioned on the petitioner's good behavior. There is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101, and, indeed, the petitioner did not pursue one. The petitioner is currently incarcerated, however, pursuant to a revocation order. The trial court has revoked Tunstall's probation twice. First, on February 24, 2004, the petitioner's probation was revoked due to probation violations and he was ordered by the Circuit Court of Marshall County to serve one year of his remaining sentence in custody. On February 24, 2005, the petitioner's probation

was revoked a second time due to probation violations – including a new assault charge. On the basis of the latest violation and the new charge, the Marshall County Circuit Court ordered the petitioner to serve five years of his remaining sentence in the custody of the Mississippi Department of Corrections. The petitioner is currently serving his sentence pursuant to this most recent revocation order. He filed a motion for post-conviction relief in the Circuit Court of Marshall County, Mississippi on February 15, 2006.

## Discussion

The petitioner has not challenged either order revoking of his probation. Instead, he has challenged the original sentence imposed pursuant to his guilty plea. Therefore, the revocation orders shall not affect calculation of the statute of limitations in this federal case.

Resolution of this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The exceptions of § 2244(d)(1)(B-D) do not apply to this case; as such, the one-year deadline of the Antiterrorism and Effective Death Penalty Act applies to the petitioner's federal *habeas corpus* petition, starting with the date that the petitioner's judgment of conviction becomes final – but subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *Cantu-Tzin*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999). Despite the statutory prohibition against appeals from a guilty plea, the Mississippi Supreme Court permits thirty days for defendants who have pled guilty to appeal the legality of their sentences. *Acker v. State*, 797 So.2d 966 (Miss. 2001). Adding the time in which the petitioner could have appealed his sentence, the petitioner's conviction became final thirty days after his guilty plea – March 15, 2003 (February 13, 2003 + 30 days). The plaintiff's motion for post-conviction relief in state court was filed on February 15, 2006, 702 days beyond the AEDPA limitations period – and thus did not toll the one-year federal statute under 28 U.S.C. § 2244(d)(2). As the petitioner does not enjoy statutory tolling, the deadline to file his federal petition for a writ of *habeas corpus* expired March 15, 2004.

Under the "mailbox rule," the petitioner's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In the instant case, the federal

petition for a writ of *habeas corpus* was "filed" sometime between the date it was signed on November 6, 2006, and the date it was received in the district court on November 22, 2006. Giving the petitioner the benefit of the doubt by using the earlier date, the petition was filed 966 days beyond the March 15, 2004, deadline for filing his federal *habeas corpus* petition.

The petitioner argues that he is entitled to equitable tolling because he lacks legal knowledge, he experienced health problems, and he had difficulty contacting his family. These arguments do not qualify as "rare and exceptional" circumstances to warrant equitable tolling because the petitioner was not actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d at 513-14. Therefore, Calvin Tunstall does not enjoy equitable tolling of the federal statute of limitations, and the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 9th day of February, 2007.

                                        *Neal Biggers*
                                        NEAL B. BIGGERS
                                        SENIOR U. S. DISTRICT JUDGE